W. SHARP, Judge.
Baker appeals from a summary judgment denying him coverage for medical insurance under his mother’s group medical insurance policy issued by United Olympic Life Insurance Company. This is a close case, but we think there is an issue of fact concerning the interpretation of the insurance clause, which Olympic argues excludes Baker from coverage, and its application to Baker in the spring term of 1991. Accordingly, we reverse for further proceedings.
As required for coverage by the policy, in the spring term of 1991 when he became ill, Baker was between nineteen and twenty-one years of age, unmarried, living with his parents, unemployed, and attending Brevard ' Community College. Coverage was denied by Olympic because Baker was not a “full-time” student. Its policy only covers an unmarried child, age nineteen to twenty-three, “who is considered a full-time student by an accredited school or college.”
The Brevard Community College catalog defines “full-time” students as “those who are registered for 12 or more semester hours of credit.” “Part-time” students are those “registered for less than 12 semester hours of credit.” According to the college records, Baker was officially registered for only ten credit hours for that spring term.
However, in that spring term Baker was actually taking an additional course in geology as a full-time student. Although he was not officially enrolled in it, he would have earned an additional three credit hours, had he been able to complete that semester. His heart condition required him to drop all but one course shortly after the spring term in question commenced.
Professor Malcolm testified in his deposition that he had made a special arrangement with Baker, to allow him to sit in his geology course and make up all of the course work, because Baker had dropped out of the course early in the prior semester, due to having mononucleosis. Professor Malcolm said Baker was required to “make up” the course work in the spring term, or receive an “F” in the course. The school policy is that an “incomplete,” which Baker received in the fall term for geology, is not allowed where a student has done so little of the course work, as Baker had done, at the time he dropped out. However, Professor Malcolm testified he made a special allowance for Baker because of his health problem. This special allowance ap *1164 pears to have been an administrative error. However, in effect and in reality, in the spring term Baker was retaking the whole of the geology course he had missed during the fall term. His actual total course load was thirteen credit hours.
The Brevard catalog does not specifically cover this situation in which Baker found himself, in the spring term. Both the Bre-vard Community College registrar and Professor Malcolm indicated special allowances and arrangements were sometimes made for students with particular health problems. Even the Olympic claim agent conceded in her deposition that students forced to drop courses due to illness should not be disqualified from coverage.
Thus, we think there is a question of fact as to whether or not Baker, in the commencement of the spring term should have been considered a full time student due to his de facto attendance of thirteen credit hours, despite the fact he was only officially enrolled for ten hours.
REVERSED and REMANDED.
DIAMANTIS, J., and SPRINKEL, G.A., IV, Associate Judge, concur.